UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW BABICK, JR.,

    Petitioner,

                                        Case No. 1:03-cv-20

v

                                        Hon. Wendell A. Miles

MARY BERGHUIS, WARDEN,
BROOKS CORRECTIONAL FACILITY,

    Respondent.
_____/

ORDER ON PETITIONER'S REQUEST FOR ISSUANCE OF
CERTIFICATE OF APPEALABILITY

On August 14, 2007, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that Andrew Babick, Jr.'s petition for writ of habeas corpus be granted as to three of the several grounds for relief asserted in the petition. The respondent filed objections, and on January 29, 2008, the court issued an order rejecting the recommendation to grant the petition and entered judgment denying the petition. Petitioner has filed a Notice of Appeal from the court's decision. This matter is currently before the court on a request by the petitioner under Fed.R.App.P. 22(b)(1) for a certificate of appealability (doc. no. 82).

**Discussion**

Petitioner's request seeks a certificate of appealability for four issues, two related to ineffective assistance of counsel and two related to prosecutorial misconduct: (1) whether his

trial counsel rendered ineffective assistance by failing to retain an arson expert; (2) whether trial counsel rendered ineffective assistance by failing to obtain a copy of a television schedule which she could have used to impeach a prosecution witness; (3) whether the prosecution engaged in misconduct in connection with defense counsel's request for funds to retain an arson expert; and (4) whether the prosecution impermissibly commented on petitioner's post-*Miranda* request for counsel.

If an applicant for a petition for writ of habeas corpus files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. Fed.R.App.P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (citations and internal quotation marks omitted). However, it should be noted that nothing in either 28 U.S.C. § 2253 or in Fed.R.App.P. 22 requires this court to issue a certificate of appealability, so long as the court explains its reasons for declining to do so.

In his request, petitioner attacks certain conclusions reached by the court. Principally, however, petitioner argues that the court should grant his request for a COA because at least one other jurist – the Magistrate Judge – reached a conclusion contrary to the court's on the issues of which he seeks review in the Court of Appeals. The Magistrate Judge is a very able judge but

the court has already asserted that her analysis of a number of issues underlying her conclusion that the writ should issue was fundamentally flawed in certain critical respects. Moreover, in this case the court is unconvinced that the issues on which petitioner seeks to appeal are adequate to deserve encouragement to proceed further. Petitioner's claims are weak, and sufficient resources have already been invested in fully reviewing them.

To succeed on a Sixth Amendment challenge, a habeas petitioner must satisfy a two-prong test demonstrating that (1) counsel's performance was deficient, and (2) the deficiency prejudiced petitioner. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-694 (1984). Petitioner's arguments in support of his two claims of ineffective assistance referenced above are based on assumptions regarding facts which petitioner did not seek to develop in state court before he filed the instant petition. Namely, petitioner assumes (1) that an arson expert could have been found to testify favorably to the defense; (2) that trial counsel did not obtain a copy of the television schedule in question or otherwise determine the time a particular television show ran on the night of the fire; and (3) trial counsel's decisions on both of these matters were based on a lack of investigation rather than strategy.

In the state court, petitioner erroneously argued, with respect to trial counsel's failure to retain an arson expert, that prejudice should be assumed. Therefore, petitioner never sought to develop facts which would indicate why his counsel acted as she did. The same holds true with respect to the claim that trial counsel did not obtain the television schedule; although petitioner assumes that his counsel would have acted differently had she obtained the schedule, petitioner never sought to fully develop facts supporting this assumption. In state court, petitioner was content to rest his claim on a letter trial counsel wrote to him months before the trial, expressing

the view that the television schedule would be "helpful for impeaching Belinda Sutton!" Petition, Exhibit J (doc. no. 2) (Aug. 29, 1996 letter of Alma Mason-Thurmer). However, although petitioner submitted evidence indicating that his counsel made a deliberate decision not to pursue this line of inquiry at trial, Petition, Exhibit O (doc. no. 2) (Sept. 13, 2000 Affidavit of Traci Lynn Babick), petitioner never sought to have his counsel testify or provide an affidavit regarding her reasons for acting as she did.

     Similarly, petitioner's claim based on the conduct of the prosecution in reminding trial counsel to send any bills incurred for the retention of an arson expert to the State Administrate Board instead of to the Attorney General's office is also premised on an undeveloped and unwarranted factual assumption: that petitioner's counsel felt "threatened" by the prosecution's statements, to such an extent that she decided to forego hiring an expert. Moreover, it is difficult to conceive of an experienced defense lawyer – and particularly one who has a court order for reimbursement already in hand – being so easily deterred from consulting with an expert based simply on the rather harmless letter penned by the prosecution. And, once again, petitioner's argument is premised on the assumption that an arson expert could have been found to testify in his favor. However, even in the most serious cases of alleged prosecutorial misconduct – for instance, a claim of a *Brady* violation – a habeas petitioner must show both that the evidence suppressed was favorable to him and that he was prejudiced by the prosecution's conduct. See Strickler v. Greene, 527 U.S. 263, 281-282 (1999) (identifying the three components of a "true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued"). Here, the court cannot

simply assume that these factual elements are satisfied merely because petitioner chose not to develop a state court record on this issue.[1]

In contrast, petitioner's claim based on the conduct of the prosecution in mentioning his invocation of the right to counsel is a purely legal one, albeit one having no basis in the law: that the prosecution impermissibly commented upon petitioner's invocation of his right to counsel, made during a videotaped interview presented during trial by the defense.  As the court has noted, the rule of Doyle v. Ohio, 426 U.S. 610 (1976) could not possibly have been violated because petitioner did not testify at trial.   Petitioner conveniently ignores this legal requirement, as well as the fact that it was his own counsel who chose to play the entirety of the videotaped interview for the jury.

Where the claim is one of improper conduct by the prosecution at trial, context matters. See Greer v. Miller, 483 U.S. 756, 765-766 (1987) ("When a defendant contends that a prosecutor's question rendered his trial fundamentally unfair, it is important 'as an initial matter to place th[e] remar[k] in context'") (citations omitted).  Here, the context shows that plaintiff invoked his right to counsel multiple times on the videotape, but that his counsel nonetheless had a strong reason to place the entirety of the videotape before the jury.  The prosecution's limited comments regarding petitioner's assertion of his rights do not, under the circumstances, cause this case to cross into a violation of petitioner's constitutional rights.

---

[1] As this court indicated in its decision, the record indicates that petitioner's appellate counsel consulted with an expert who was unable to provide an opinion favorable to the defense regarding the cause and origin of the fire.  Order on Respondent's Objection to Magistrate Judge's Report and Recommendation (doc. no. 75) at 11, 15.

## **Conclusion**

For the forgoing reasons, the Court hereby DENIES petitioner's request for a certificate of appealability.

Entered this 6th day of June, 2008.

     /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge